UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOBBY LEE DICKERSON, | )<br>) CASE NO. C09-1678-JCC |
| Petitioner, | )<br>) |
| v. | )<br>) REPORT AND RECOMMENDATION |
| E. BRADFORD BALES, *et al.* | )<br>) |
| Respondents. | )<br>) |

As a pretrial detainee, petitioner Bobby Lee Dickerson sought relief from the United States Court of Appeals for the Ninth Circuit, and the matter was transferred to this Court as a 28 U.S.C. § 2241 habeas petition. (Dkt. 1.) The Court recommends DISMISSING the habeas petition with prejudice as moot because, with respect to the pretrial detention challenged, Mr. Dickerson has already been convicted by guilty plea, been sentenced, and been released from custody.

**BACKGROUND**

In October 2009, Mr. Dickerson filed a "Writ of Mandamus and Habeas Corpus" with the Ninth Circuit. (Dkt. 14.) At the time, Mr. Dickerson was a pretrial detainee being

REPORT AND RECOMMENDATION
PAGE -1

confined at the Regional Justice Center in Kent, Washington. (Dkt. 14, at 1.) Mr. Dickerson sought an order directing respondent to explain the authority and legality under which he was being restrained, raised constitutional claims including a violation of his right to a speedy trial, and requested immediate release from detention. (Dkt. 1, at 1–2; Dkt. 14, at 1–3.) In late-November 2009, the Ninth Circuit construed Mr. Dickerson's pleadings to be a 28 U.S.C. § 2241 habeas petition and transferred this matter to the Western District of Washington. (Dkt. 1.) After Mr. Dickerson corrected several deficiencies in his application to proceed *in forma pauperis* ("IFP"), the Court granted his IFP application and ordered service of his habeas petition in late-January 2010. (Dkts. 5–9, 11–13.) Mr. Dickerson has never sought to amend his petition. Respondent filed a return on the petition in late-March 2010, and the petition was noted for consideration in late-April 2010. (Dkts. 27–29.)

Meanwhile, on January 8, 2010, Mr. Dickerson pleaded guilty to misdemeanor harassment and the felony of unlawful possession of a firearm in the second degree—the charges for which he was being detained and that served as the basis for his § 2241 petition. (Dkt. 27, Exhs. 1, 2.) The superior court sentenced Mr. Dickerson to a 12-month suspended sentence for his misdemeanor conviction and 3 months of incarceration for his felony conviction. (Dkt. 27, Exh. 1, at 4; Dkt. 27, Exh. 2, at 1.) Mr. Dickerson was then credited for the 219 days of confinement he had served pretrial, which served as a condition for his suspended sentence, and was released immediately.[1] (Dkt. 27, Exh. 2, at 1.)

///

---

[1] Mr. Dickerson is currently in custody awaiting trial in another case: in February 2010, he was charged with unlawful possession of a firearm in the second degree. (Dkt. 27, Exh. 3.) That charge and his current confinement are not subjects of his present § 2241 petition.

REPORT AND RECOMMENDATION
PAGE -2

**DISCUSSION**

Respondent contends that Mr. Dickerson's guilty plea bars review of the alleged violation of his right to a speedy trial because he waived any errors that allegedly occurred prior to the entry of the plea.  (Dkt. 27, at 4.)  The Court declines to address this argument and the merits of Mr. Dickerson's § 2241 petition.  Mr. Dickerson's does not challenge the validity of his *conviction*, which would serve as the basis of a petition brought under § 2254 rather than under § 2241.  He also does not allege that he is *currently* being held in illegal custody.  Mr. Dickerson challenges a *pretrial detention* that ended after he pleaded guilty, served his sentence, and was released.  His § 2241 petition is therefore moot.

In his § 2241 petition, Mr. Dickerson seeks an explanation for his pretrial detention and immediate release from pretrial custody.  Both have since been provided in the form of Mr. Dickerson's conviction by guilty plea and his release from custody after having been credited for time served.  A challenge to pretrial detention becomes moot once the petitioner has finished serving that detention.  *See Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990); *James v. Reese*, 546 F.2d 325, 328 (9th Cir. 1976).  A petitioner's conviction moots the challenge to the prior detention even if the petitioner is currently incarcerated under the conviction itself.  *See Barker*, 913 F.2d at 1440; *see also Burnett v. Lampert*, 432 F.3d 996, 999–1001 (9th Cir. 2005) (affirming dismissal of habeas petition as moot where petition for illegal confinement was brought *before* prisoner was paroled and dismissed *after* prisoner was reimprisoned for a parole violation).  Here Mr. Dickerson brought his habeas petition challenging his pretrial detention *before* he pleaded guilty, served his sentence, and was released.  In evaluating his petition *after* his release from custody, the Court finds his § 2241 to

be moot. Because the undisputed record shows that Mr. Dickerson's § 2241 habeas petition is moot, no evidentiary hearing is required prior to dismissing this matter with prejudice. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## CONCLUSION

The Court recommends DISMISSING the 28 U.S.C. § 2241 habeas petition with prejudice as moot because, with respect to the pretrial detention challenged, Mr. Dickerson has already been convicted by guilty plea, been sentenced, and been released from custody. A proposed order is attached.

DATED this 28th day of April, 2010.

Mary Alice Theiler
United States Magistrate Judge